IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY LAMB,

                Plaintiff,

v.

SERGEANT SINCLAIR, BRIAN
HAYES, JAN TETZLAFF, JENNA
ONLEY, KELLY MULLENS, ANDREA
RAYMAN, AMY BROWN, and
TROY ENGER,

                Defendants.

OPINION and ORDER

25-cv-8-wmc

---

      Plaintiff Gregory Lamb is currently incarcerated by the Wisconsin Department of Corrections at the Columbia Correctional Institution. Representing himself, Lamb has filed an amended complaint against the following individual defendants: Sergeant Sinclair; Brian Hayes; Jan Tetzlaff; Jenna Onley; Kelly Mullens; Andrea Rayman; Amy Brown; and Troy Enger. (Dkt. #12.) Because Lamb is a prisoner who is proceeding without prepayment of the filing fee, the court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who is immune from such relief. When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, a plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For the reasons explained

below, the amended complaint will be dismissed because he has failed to state a claim in compliance with federal pleading rules.

OPINION

Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The primary purpose of these rules is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (cleaned up). If lack of "basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct," dismissal may be an appropriate remedy. *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011).

Although his allegations are difficult to follow, plaintiff appears to allege that he was assaulted by another inmate named Jared E. Marthel Ortiz on September 21, 2024, and that Ortiz pleaded guilty to this offense.[1] Plaintiff does not allege where the assault happened, but his original complaint -- which is similarly vague -- suggests that it occurred while plaintiff and Ortiz were in custody at the Dane County Jail. Plaintiff also alleges that defendant Mullens, who is described as a "victim case manager," violated his right to attend the guilty plea hearing and to speak in court, thereby "obstructing the justice."

---

[1] Public records from the Wisconsin Circuit Court Access website reflect that Ortiz was charged with battery by a prisoner in violation of Wis. Stat. § 940.20(1) on September 25, 2024, and pleaded guilty on March 19, 2025, receiving a six-month sentence of time served in Dane County Circuit Court Case No. 2024CF2311.

2

Plaintiff alleges that defendant Onley, who is described as a probation and parole agent, "obstructed medical records of reported hospital injuries" sustained by plaintiff. Plaintiff states further that on March 6, 2025, defendant Hayes "destructed obstructed receipts" and letters regarding an appeal. Although plaintiff also appears to allege that his health and safety were endangered, he does not provide any details in support of this claim. Likewise, plaintiff does not make any allegations against defendants Sinclair, Tetzlaff, Brown, Rayman, or Enger.

The amended complaint will be dismissed for failing to comply with Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). The Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Therefore, the court will dismiss the amended complaint without prejudice and give plaintiff a brief window of time to file another amended complaint. Plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. If not using a complaint form, plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements.

ORDER

IT IS ORDERED that:

1) Plaintiff Gregory Lamb is DENIED leave to proceed and his amended complaint (dkt. #12) is DISMISSED without prejudice for failure to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff has until **August 14, 2025**, to file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8.  Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 24th day of July 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge