IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY LAMB,

                  Plaintiff,

  v.

SERGEANT SINCLAIR, BRIAN
HAYES, JAN TETZLAFF, JENNA
ONLEY, KELLY MULLENS, ANDREA
RAYMAN, AMY BROWN, and
TROY ENGER,

                  Defendants.

OPINION AND ORDER

25-cv-8-wmc

---

On July 24, 2025, the court dismissed the complaint filed by state prisoner Gregory Lamb for failure to state a claim under Federal Rule of Civil Procedure 8 with leave to file an amended complaint. (Dkt. #13.) Lamb has filed a notice of appeal. (Dkt. #14.) He has also filed a motion that seeks relief from a previous order entered in January 2025, granting him leave to proceed without prepayment of the full filing fee for a civil action and assessing a $16.67 initial partial fee under 28 U.S.C. § 1915(b)(1). (Dkt. #16.) Lamb contends that an initial partial fee should not have been assessed because he paid $350.00, which is the filing fee for indigent litigants. (*Id*.) The motion will be denied and this case will be dismissed for the reasons explained briefly below.

OPINION

Lamb's motion for relief from the order imposing an initial partial filing fee must be denied, and this case must be dismissed, for several reasons. *First*, contrary to Lamb's

contentions, the court has no record of receiving a check in the amount of $350.00 towards the filing fee for this case.

*Second*, by filing this lawsuit, Lamb is obligated to pay the full amount of the filing fee for a civil action, which is $405.00. Although the court previously found that Lamb qualified for indigent status (dkt. #4), that finding was mistaken. Court records show that Lamb has previously filed at least three civil actions or appeals as a prisoner that were dismissed as frivolous. *See Lamb v. Cooper*, No. 98-3324 (7th Cir. May 19, 2000); *Lamb v. Snyder*, No. 00 C 772 (S.D. Ill. June 19, 2003); *Lamb v. Ryan*, No. 00 C 114 (S.D. Ill. March 19, 2003). Although Lamb recently filed a proposed amended complaint (dkt #21), he does not demonstrate that he is in "imminent danger of serious physical injury"; therefore, he is not eligible to proceed as an indigent litigant and must prepay the full filing fee as the result of these "strikes" against him. 28 U.S.C. § 1915(g).[1] For this reason alone, the order finding that Lamb qualified for indigent status will be vacated. Because the court screened his original complaint, Lamb remains obligated to pay the filing fee. Accordingly, the court will not refund the initial partial filing fee or any other portion of the fee that is deducted from his inmate account. *See Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998)

---

[1] This statute, known as the "three-strikes rule," provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

("Filing fees are part of the costs of litigation," and indigent prisoner litigants remain liable for them even if collection is impossible.).

*Third*, the court has learned that Lamb is the subject of filing restrictions imposed by the Seventh Circuit. In *Lamb v. Hansen*, No. 19-3104 (7th Cir. Jan. 7, 2020), the Seventh Circuit found that Lamb had unpaid filing fees both in the district courts and in the Seventh Circuit. Thus, the Seventh Circuit has ordered that "the clerks of all federal courts in this circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of Lamb," until he has paid in full all outstanding fees. *Id*. (citing *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) and *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997)). The Seventh Circuit has advised this court that Lamb continues to have unpaid filing fees, and has declined to accept his appeal. Accordingly, this case will be dismissed.

ORDER

IT IS ORDERED that:

1) The order entered on January 4, 2025, finding that plaintiff Gregory Lamb qualified for indigent status (dkt. #4) is VACATED.

2) This case is DISMISSED without prejudice pursuant to the filing restrictions imposed by the Seventh Circuit.

3) Plaintiff's motion for relief from the order assessing the initial partial filing fee (dkt. #16) is DENIED.

4) All other motions filed by plaintiff are DENIED.

    5) The clerk of court is directed to close this case.

Entered this 20th day of August, 2025.

> BY THE COURT:
>
> /s/
>
> _____
> WILLIAM M. CONLEY
> District Judge